**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

UNITED STATES OF AMERICA

vs.  Case No: 3:96cr19-002/RV
    3:05cv283/RV/MD

MICHAEL LEE STRICKLIN

---

### REPORT AND RECOMMENDATION

This matter is before the court upon defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 190).  Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified."  After a review of the record, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.

**BACKGROUND and ANALYSIS**

Defendant was convicted after a jury trial of conspiracy to possess with intent to distribute cocaine base and was sentenced to a term of 188 months imprisonment.  His conviction and sentence were affirmed on appeal on April 22, 1998.  (Doc. 153).  Other than his direct appeal, he has not filed any petitions, applications or motions with respect to his conviction.

A judgment of conviction becomes final within the meaning of § 2255 as follows: (1) if the prisoner files a timely petition for certiorari, the judgment becomes "final" on the date on which the Supreme Court issues a decision on the merits or denies certiorari, or (2) the judgment becomes final on the date on which the defendant's time for filing such a petition expires, ie. ninety days after the court of appeals judgment becomes final. *Clay v. United States,* 527 U.S. 522, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003); *Kaufmann v. United States,* 282 F.3d 1336, 1338 (11th Cir. 2002). The time for filing the petition for certiorari runs from the date of the entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate. *See Clay, supra;* Sup. Ct. R. 13.3. Based on the information provided by the defendant in this case, the court must conclude that the defendant's conviction became final ninety days after the Eleventh Circuit's opinion in his case. His motion is therefore facially untimely.

Title 28 U.S.C. § 2255 imposes a one year time limitation on the filing of motions under this section. The one year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255. To have been timely filed, defendant's motion should have been filed on or about July 21, 1998. Clearly, it was not.

Defendant attempts to circumvent the time limitation on filing § 2255 motions by couching his claim in terms of a jurisdictional challenge.  Defendant's arguments, which are at times contradictory, appear to be painted with a broad brush to encompass any possible means of defeating the time bar.  He states he does not rely on *Apprendi*,[1] *Blakely*,[2] or *Booker*,[3] but at the same time asserts that his motion is not untimely because the impediment to bringing the motion was removed with the Supreme Court's decision in *United States v. Booker,* ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed. 2d 621, 2005 WL 50108 (2005).  Furthermore, he repeats several times in his memorandum that his sentence was unconstitutional because it exceeded the sentence that could have been imposed based on the jury verdict and the maximum authorized by the guidelines themselves.  Despite his purported non-reliance on *Apprendi*, this claim is clearly premised on *Apprendi*'s holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490, 120 S.Ct. at 2362-63.  *See also Ring v. Arizona*, 536 U.S. 584, 589, 122 S.Ct. 2428, 2432, 153 L.Ed.2d 556 (2002) (concluding under *Apprendi* that "[c]apital defendants . . . are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment.").  *Apprendi* does not save his claim as the Eleventh Circuit has clearly held that *Apprendi* errors are not jurisdictional, such that they would entitle a prisoner to relief on collateral review.  *Hamm v. United States*, 269 F.3d 1247, 1249 (11th Cir. 2001).  Additionally, the Eleventh Circuit has concluded that neither *Booker* nor *Blakely* applies retroactively to cases on collateral review.  *Varela v. United States*, 400 F.3d 864 (11th Cir. 2005); see also *In re Anderson,* 396 F.3d 1336 (11th Cir. 2005) (holding

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000).

[2] *Blakely v. Washington*, ____ U.S. ____, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

[3] *United States v. Booker.*  ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed. 2d 621 (2005).

that only the Supreme Court can make a new rule retroactive on collateral review, and that it must do so explicitly).   Furthermore, even before *Blakely* and *Booker*, every federal court of appeals had held that *Apprendi* did not apply to guideline calculations made within the statutory maximum. *United States v. Duncan*, 400 F.3d 1297, 1308 (11th Cir. 2005) (*citing Simpson v. United States*, 376 F.3d 679, 681 (7th Cir. 2004) *(citing United States v. Hughes*, 369 F.3d 941, 947 (6th Cir. 2004); *United States v. Francis*, 367 F.3d 805, 820 (8th Cir. 2004); *United States v. Jardine*, 364 F.3d 1200, 1209 (10th Cir. 2004); *United States v. Alvarez*, 358 F.3d 1194, 1211-12 (9th Cir. 2004); *United States v. Phillips*, 349 F.3d 138, 143 (3rd Cir. 2003); *United States v. Patterson*, 348 F.3d 218, 228-29 (7th Cir. 2003); *United States v. Randle*, 304 F.3d 373, 378 (5th Cir. 2002); *United States v. Sanchez*, 269 F.3d 1250, 1268 (11th Cir. 2001); *United States v. Webb*, 255 F.3d 890, 898 (D.C.Cir. 2001); *United States v. Angle*, 254 F.3d 514, 518 (4th Cir. 2001); *United States v. Caba*, 241 F.3d 98, 100 (1st Cir. 2001); *United States v. Garcia*, 240 F.3d 180, 183-84 (2nd Cir. 2001)).

**Finally, defendant appears to take issue with the court's determination of the quantity of drugs attributed to him.  Defendant  maintains that he is entitled to resentencing, but states that he cannot be resentenced under the new post-*Booker* "advisory system" of sentencing because the ex post facto clause prohibits a retroactive increase in punishment. Thus defendant appears to argue that he should simultaneously benefit from and be protected by changes to the sentencing scheme that have come about since he was sentenced.  This is not a jurisdictional argument, and based on the authority above it does not fall within one of the exceptions to the one year time limitation such that he would be entitled to a merits consideration of his motion.**

**Accordingly, it is respectfully RECOMMENDED:**
**The motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 190)  be summarily DISMISSED as untimely.**

*Case No: 3:96cr19/RV; 3:05cv283/RV/MD*

At Pensacola, Florida, this 8th day of August, 2005.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; Local Rule 27(B);** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**